IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LAVENSTON LAMONT HORNE,

    Plaintiff,

vs.                                      Case No. 4:13cv259-WS/CAS

MARGUERITE MORGAN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se in this civil rights action, has filed a second amended complaint under 42 U.S.C. § 1983. Doc. 8. This version of the complaint has been reviewed pursuant to 28 U.S.C. § 1915A. Because it is still deficient and it does not appear that further opportunities to submit a complaint would be beneficial, this case should be dismissed for failure to state a claim.

Plaintiff alleges that Defendant Smith "wrote up" a report in June of 2012, that said Plaintiff scared her and was argumentative and aggressive, and "displayed intimidating behavior to her, and had her 'squared off' with another resident" at the Florida State Hospital. Doc. 8 at 6. Plaintiff said the police were called to the Hospital concerning an incident about which Plaintiff advises he did not see anything, although

Defendant Smith reported Plaintiff was a witness. *Id.* None of those facts demonstrate that Defendant Smith violated Plaintiff's constitutional rights.

Plaintiff alleged that In August 2012, Defendant Anderson wrote an interim clinical summary report to the judge in Plaintiff's criminal case. Doc. 8 at 6. Plaintiff alleges that because of that report which went to the judge, Plaintiff was not released. The fact that Defendant Anderson wrote the "yearly summary" does not show this Defendant violated Plaintiff's rights. This claim is insufficient.

Plaintiff's claim against Defendant Annie Jackson is based on the fact that she did not begin an investigation into the report written by Defendant Anderson or into the incident in which the police were called until several months later. *Id.* Plaintiff has no constitutional right to an investigation and, thus, delay in the investigation is not a constitutional claim. Similarly, Plaintiff's claim against Defendant Morgan is also based on the failure to conduct an investigation. Doc. 8 at 7. That claim is insufficient for the reasons previously stated.

Because Plaintiff does not allege the violation of a federal constitutional right in any of these allegations, it does not appear that further leave to amend is beneficial. The allegations fail to state a claim and this case should be dismissed.

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 8, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and the order adopting this report and

recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on August 2, 2013.

    S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**